IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PORCHA CLARK TANYINGU,
in her capacity as Trustee of the
NIA UMOJA LEGACY EXPRESS TRUST
d/b/a AXORA SOLUTIONS,
    *Plaintiff,*

United States Courts
Southern District of Texas
**FILED**

JUN 3 0 2025

Nathan Ochsner, Clerk of Court.

**v.**

**LAKEVIEW LOAN SERVICING, LLC**
**and LOANCARE, LLC**
    *Defendants,*

§
§
§
§
§
§
§
§

**CIVIL ACTION NO. 4:25-cv-3021**

### PLAINTIFF'S VERIFIED COMPLAINT

TO THE HONORABLE ruDGE OF SAID COURT:

    COMES NOW PORCHA CLARK TANYINGU, trustee of NIA UMOJA LEGACY EXPRESS TRUST as Plaintiff and files this Verified Complaint. Defendants are Lakeview Loan Servicing, LLC and LoanCare, LLC.

### DISCOVERY PLAN

    1. Plaintiff anticipates that discovery will be conducted in accordance with Federal Rule of Civil Procedure 26 through 37, and intends to serve initial disclosures, written discovery, and depositions within the scope permitted under the Federal Rules of Civil Procedure. Plaintiff seeks both monetary relief exceeding $250,000 and non-monetary equitable relief, including injunctive and declaratory relief.

### PARTIES & SERVICE

    2. Plaintiff, Porcha Clark Tanyingu, is the Trustee of the NIA UMOJA LEGACY EXPRESS TRUST, which is the legal titleholder of the property located at 17202 Williams Bend Circle, Cypress, Texas 77433.

    3. Defendant, Lakeview Loan Servicing, LLC is a foreign company that transacts business in Texas that involves Texas residents. Defendant Lakeview Loan Servicing, LLC may be served with process through its registered agent at any address where its registered agent may be found.

4. Defendant, LoanCare, LLC is a foreign company that transacts business in Texas that involves Texas residents. Defendant LoanCare, LLC may be served with process through its registered agent at any address where its registered agent may be found.

## JURISDICTION

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, including violations of due process under the United States Constitution and the VA loan servicing regulations under 38 C.F.R. § 36.4350.

6. This Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), as those claims arise from a common nucleus of operative fact and are so related to the federal claims that they form part of the same case or controversy. Federal courts routinely exercise supplemental jurisdiction over state-law claims such as wrongful attempted foreclosure, quiet title, or trespass to try title when they arise from the same set of facts as an FDCPA claim."

— Lopez v. Bank of America, N.A., 2017 WL 1155743 (S.D. Tex. 2017)

7. This Court also has personal jurisdiction over Defendants because they regularly conduct business in Texas, including mortgage servicing and foreclosure activities involving Texas residents and Texas real property, and have sufficient minimum contacts with the state to satisfy constitutional due process requirements.

## VENUE

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Harris County, Texas, and the property at issue is located within this district.

## FACTS

9. On or about August 15, 2016, Plaintiff, Porcha Clark Tanyingu, allegedly executed a promissory note in the original principal amount of $305,939.00, payable to Mortgage Research Center, LLC d/b/a Veterans United Home Loans, in connection with a VA-guaranteed loan. The note was secured by a Deed of Trust encumbering real property located at 17202 Williams Bend Circle, Cypress, Texas 77433, more fully described as:

Lot Sixty-One (61), in Block One (1), of First Bend, Section Five (5), an addition in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 607130 of the Map Records of Harris County, Texas (hereinafter referred to as the "Property" or "Home").

10. Subsequently, the loan was transferred to Lakeview Loan Servicing, LLC ("Lakeview"), which became the holder and servicer of the note. LoanCare, LLC ("LoanCare") was engaged as the sub-servicer. At all relevant times, both entities acted as debt collectors within the meaning of the Fair Debt Collection Practices Act.

11. This is not a claim for wrongful foreclosure; it is a proactive challenge to an unlawful and time-barred lien before the actual loss of possession.

12. On or about February 28, 2019, following an alleged payment default, Defendants accelerated the entire loan balance and issued a Notice of Trustee's Sale for April 2, 2019. The foreclosure was not completed. See Exhibit A.

13. Under *Texas Civil Practice & Remedies Code § 16.035*, Defendants had four years from the date of acceleration, i.e., until February 28, 2023, to initiate foreclosure proceedings. See *Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562 (Tex. 2001)*. Defendants failed to foreclose within this limitations period.

14. Defendants did not abandon the 2019 acceleration. Under Texas law, abandonment of acceleration requires both intent and an overt act of rescission. See Boren v. *U.S. Nat'l Bank Ass'n, 807 F.3d 99, 105 (5th Cir. 2015)*. Defendants continued to report the full accelerated balance as delinquent to all three major credit bureaus throughout the limitations period, See Exhibit F, which constitutes an overt act inconsistent with abandonment. See *Clay v. Deutsche Bank Nat'l Tr. Co., 2020 WL 6781993, at 4 (S.D. Tex. Nov. 18, 2020)* ("continued collection efforts or credit reporting on the full balance are inconsistent with abandonment"). Plaintiff specifically disputed this conduct via FDCPA correspondence, and Defendants failed to respond with any rescission notice or reinstatement terms. Accordingly, the statute of limitations was not reset and foreclosure remains time-barred.

3

15. Furthermore, Defendants did not issue a formal written rescission or waiver of the February 28, 2019, acceleration in accordance with § 16.038 of the Texas Civil Practice & Remedies Code. A valid rescission would have required timely written notice by first class or certified mail, properly served on the borrower before the expiration of the four-year limitations period. No such rescission occurred.

16. On November 25, 2024, Plaintiff lawfully conveyed legal title to the Property to the NIA UMOJA LEGACY EXPRESS TRUST, an irrevocable trust of which she is the duly appointed trustee. The conveyance was properly recorded with the Harris County Clerk. As of that date, the trust became the legal titleholder of the Property. See Exhibit B

17. Despite this recorded transfer of ownership, Defendants have continued to communicate and issue foreclosure-related notices to Plaintiff individually, and her previous personal counsel, who does not and has never represented the trustee or the trust. Defendants never served a notice of default or foreclosure on the trustee or the trust itself, in violation of Texas Property Code § 51.002(b). See Exhibit C

18. Notwithstanding the expiration of the statute of limitations and failure to notify the legal titleholder, Defendants issued a Notice of Foreclosure Sale dated June 6, 2025, scheduling the sale for July 1, 2025.

19. As the foreclosure is now scheduled in violation of statutory time limits, procedural notice requirements, and trust ownership rights, Plaintiff, as Trustee of the NIA UMOJA LEGACY EXPRESS TRUST, brings this action seeking:

   i.   Declaratory relief

   ii.   Injunctive relief

   iii.   Trespass to Try Title

   iv.   Relief for an Attempted Unlawful Foreclosure

4

## CAUSES OF ACTION

### I. COUNT 1 – DECLARATORY JUDGMENT

20. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

21. Plaintiff, as Trustee of the NIA UMOJA LEGACY EXPRESS TRUST, asserts a cause of action against Defendants under the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.001 et seq., and alternatively under the Declaratory Judgment Act, 28 U.S.C. § 2201, if jurisdiction is federal.

22. Plaintiff seeks a judicial declaration that:

    i. The February 28, 2019 acceleration of the loan triggered the four-year statute of limitations under Tex. Civ. Prac. & Rem. Code § 16.035;

    ii. Defendants failed to rescind or waive the acceleration in accordance with § 16.038, and failed to initiate a valid foreclosure action within four years; and

    iii. The lien and note are now time-barred, and Defendants are legally prohibited from foreclosing on the Property.

23. Additionally, Plaintiff requests a declaration that any foreclosure proceeding initiated after February 28, 2023 is void or voidable, and that any attempt to enforce the lien is unlawful and constitutes an action taken in a pattern of conduct that appears to be in bad faith.

24. As a direct and proximate result of Defendants' unlawful attempts to enforce an expired lien, Plaintiff and the trust have suffered actual damages, including but not limited to:

    i.    Legal costs

    ii.    Emotional distress

    iii.    Credit damage

    iv.    Clouded title, threat of imminent dispossession, and loss of financial opportunity

25. Plaintiff and the Trust seeks:

    i.    A declaration that the statute of limitations bars foreclosure.

    ii.    A declaration that the lien is unenforceable.

    iii.    Actual damages within the jurisdictional limits of the Court;

iv.    And temporary and permanent injunctive relief enjoining any attempted foreclosure action against the Property.

26. To the extent Defendants assert a tolling defense based on COVID-19, such argument is not supported under Texas law for private foreclosure actions. See Swoboda v. Ocwen Loan Servicing, LLC, 2022 WL 16963974 (S.D. Tex. 2022).

## II.  COUNT 2 – TRESPASS TO TRY TITLE

27. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

28. Plaintiff, as Trustee of the NIA UMOJA LEGACY EXPRESS TRUST, brings this action for Trespass to Try Title under Texas Property Code § 22.001 to establish clear legal title to the real property located at 17202 Williams Bend Circle, Cypress, Texas 77433.

29. Plaintiff seeks a judgment that the promissory note and Deed of Trust held by Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC are unenforceable and void or voidable as a matter of law because:

i.    The loan was accelerated on February 28, 2019, and Defendants failed to foreclose or rescind acceleration within the four-year limitations period under Tex. Civ. Prac. & Rem. Code § 16.035,

ii.    Defendants failed to notify the trust, the legal titleholder, of the attempted foreclosure action in violation of Texas Property Code § 51.002(b).

30. Plaintiff further seeks a declaration that any lien, claim, or encumbrance asserted by Defendants against the Property is invalid and a cloud on title, which impairs the Trust's peaceful enjoyment, use, and ownership of the Property.

## III.COUNT 3- ATTEMPTED UNLAWFUL FORECLOSURE

31. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

32. Plaintiff, as Trustee of the NIA UMOJA LEGACY EXPRESS TRUST, asserts a cause of action against Defendants for attempted unlawful foreclosure.

33. Defendants unlawfully attempted to foreclose on the Property after the expiration of the statute of limitations established under Texas Civil Practice & Remedies Code § 16.035, despite

having accelerated the loan on February 28, 2019, See Exhibit A, and failing to complete foreclosure within the required four-year window.

34. This failure to foreclose in a timely manner constitutes a significant irregularity in the foreclosure process, rendering the pending foreclosure proceeding invalid, void, or voidable.

35. As the underlying mortgage was a VA-backed loan, Defendants were required to comply with the Department of Veterans Affairs loan servicing regulations under 38 C.F.R. § 36.4350. These regulations mandate that servicers provide adequate notice of default, explore all loss mitigation options, and obtain written approval from the VA before initiating foreclosure proceedings. On information and belief, Defendants failed to comply with 38 C.F.R. § 36.4350(f)(1) requiring timely notice to the VA and the borrower before initiating foreclosure proceedings. These failures constitute violations of mandatory federal procedures and further render the attempted foreclosure defective and unenforceable.

36. On or around June 6, 2025, Defendants issued a Notice of Acceleration and Intent to Foreclose addressed solely to Plaintiff in her individual capacity  The foreclosure sale was scheduled for July 1, 2025. However, the notice was not addressed to the current legal titleholder of the property — the NIA UMOJA LEGACY EXPRESS TRUST — nor to Plaintiff in her official capacity as its Trustee. The Trust's ownership was recorded via warranty deed and certificate of trust in Harris County records on November 25, 2024, well before the notice was issued.

37. Defendants' failure to serve the Trust or its Trustee with notice of acceleration and foreclosure is a material violation of Texas Property Code § 51.002(b), which requires notice to the record titleholder. This omission also constitutes a violation of due process, as it deprived the Trust — the actual owner of the property — of the opportunity to contest the foreclosure or protect its interest. The notice served to Plaintiff individually was legally insufficient to meet these requirements.

38. Because no valid notice of acceleration or foreclosure was served to the Trust, the July 1, 2025 foreclosure action is void or voidable and must be halted by injunction and ultimately set aside.

39. On June 6, 2025, Defendants issued a Notice of Acceleration addressed solely to "Porcha Clark," a name Plaintiff no longer uses in any legal capacity. Plaintiff's legal name is "Porcha Clark Tanyingu," as correctly acknowledged by Defendants in their own Notice of Removal to federal court on March 17, 2025. See Exhibit H. This proves Defendants had actual knowledge of Plaintiff's legal name and willfully failed to address the foreclosure notice properly. The use

of an incorrect, outdated name further invalidates the notice under Texas Property Code § 51.002(b) and violates Plaintiff's constitutional due process rights.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual damages, including but not limited to:

     i.     Emotional distress,
     ii.    Credit damage,
     iii.   Loss of housing stability and risk of displacement,
     iv.   Legal costs, and
     v.    The deprivation of property rights.

41. Plaintiff seeks:

     i.     Actual damages within the jurisdictional limits of the Court,
     ii.    Injunctive relief to halt any attempted foreclosure proceedings,
     iii.   A judgment voiding any foreclosure sale attempted or conducted after the limitations period expired.

42. Plaintiff's injuries were the result of Defendants' gross negligence, malice, or actual fraud, and as such, Plaintiff is entitled to recover exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

## IV.  COUNT 4 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

43. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

44. On August 30, 2023, Plaintiff mailed a written Dispute Letter to Defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b), disputing the validity of the alleged mortgage debt and specifically requesting documentation verifying that the debt was not time-barred under applicable statute of limitations. See Exhibit D.

45. Although Defendants verified they were in receipt of the written Dispute Letter on September 14, 2023 ( See Exhibit E), they failed to cease collection activity and failed to provide the required verification in response to Plaintiff's dispute, in violation of 15 U.S.C. § 1692g(b), which mandates that all collection efforts cease until the debt is properly validated. Defendants also violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the debt was legally enforceable despite the expiration of the statute of limitations.

46. Moreover, during the pendency of this dispute and related litigation, Defendants continued to report the alleged debt negatively on Plaintiff's credit reports (See Exhibit F), in an attempt to coerce payment, constituting further violations of 15 U.S.C. §§ 1692d and 1692e. Negative reporting of a disputed and time-barred debt while legal action is ongoing is considered harassing and misleading conduct under federal law. See Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) (Finding FDCPA violations were inaccurate and coercive credit reporting occurred during a debt dispute).

47. On or about February 8, 2025, Defendants removed the mortgage tradeline from all credit reporting agencies (See Exhibit G), effectively acknowledging the invalidity of the debt. This removal, without prior explanation or resolution of the dispute, further supports Plaintiff's claim that Defendants were not acting in good faith and sought only to avoid liability.

48. Plaintiff seeks statutory damages under 15 U.S.C. § 1692k, as well as equitable relief to prevent future reporting or collection of the disputed debt, and any other relief the Court deems just and proper. Plaintiff also seeks injunctive relief to prohibit Defendants from reporting the debt to any credit reporting agency in the future.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

49. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

50. Plaintiff's application for a temporary restraining order is authorized by Federal Rule of Civil Procedure 65.

51. Defendants are in the process of attempting to foreclose Plaintiff's home.

52. Plaintiff asks the court to prevent Defendants from attempts to foreclose on Plaintiff's home located at 17202 Williams Bend Circle, Cypress, Texas 77433, including the July 1, 2025 foreclosure sale, which was scheduled without serving notice to the current titleholder, the NIA UMOJA LEGACY EXPRESS TRUST, in violation of Texas Property Code § 51.002(b).

53. If Plaintiff's application is not granted, harm is imminent because she will be evicted.

54. The harm that will result if the temporary restraining order is not issued is irreparable because Plaintiff will be homeless and forced to endure the unreasonable expense of hardship in regaining her home while pursuing this trial.

55. It is probable that Plaintiff will recover from Defendants after trial on the merits.

56. Plaintiff has no adequate remedy at law.

57. Plaintiff is willing to post a bond.

58. Time is of the essence.

59. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

60. Plaintiff respectfully requests that the Court schedule a hearing on her application for a temporary injunction, and after the hearing, issue an order restraining Defendants from foreclosing on or evicting Plaintiff from the real property located at:
17202 Williams Bend Circle, Cypress, Texas 77433.

61. No additional parties are required for just adjudication under Federal Rule of Civil Procedure 19. The Defendants named herein are the only entities asserting claims against the Property or attempting to collect the alleged debt. To Plaintiff's knowledge, no other parties claim a present legal interest that would require joinder under Rule 19.

## REQUEST FOR PERMANENT INJUNCTION

62. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

63. Plaintiff requests that the Court set this matter for a full trial on the merits, and upon trial, issue a permanent injunction against Defendants from taking any action to foreclose upon, sell, or evict Plaintiff from the subject property.

## JURY DEMAND

64. Plaintiff demands a trial by jury on all issues of fact and requests the Court honor the previously scheduled July 3, 2025, trial date, if jurisdiction permits.

## CONDITIONS PRECEDENT

65. All conditions precedent to Plaintiff's claims have been performed, waived, or have occurred.

## PRAYER FOR RELIEF

66. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that upon final hearing or trial, the Court grant the following relief:

### A. EQUITABLE RELIEF REQUESTED

67. A temporary restraining order and permanent injunction prohibiting Defendants from proceeding with foreclosure, eviction, or further enforcement actions on the subject property;

68. A judgment declaring that Defendants' right to foreclose is time-barred due to the expiration of the four-year statute of limitations;

69. A judgment declaring that title to the subject property is vested in the NIA UMOJA LEGACY EXPRESS TRUST and that any lien claimed by Defendants is void or unenforceable;

70. An order requiring Defendants to correct any derogatory credit reporting and cease communications with Plaintiff outside of counsel.

## B. LEGAL RELIEF REQUESTED

71. Actual damages resulting from Defendants' wrongful conduct, including but not limited to damage to credit, emotional distress, and loss of housing opportunity;

72. Statutory damages under the Fair Credit Reporting Act and Fair Debt Collection Practices Act;

73. Exemplary or punitive damages under Texas Civil Practice & Remedies Code § 41.003;

74. Pre- and post-judgment interest as allowed by law;

75. Reasonable and necessary legal fees and costs

76. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

## VERIFICATION

My current address is 17202 Williams Bend Circle, Cypress, Texas 77433. I am the Trustee of the NIA UMOJA LEGACY EXPRESS TRUST in this case.

RESPECTFULLY SUBMITTED,

_____

Porcha Clark Tanyingu
Trustee, NIA UMOJA LEGACY EXPRESS TRUST d/b/a Axora Solutions
17202 Williams Bend Circle
Cypress, Texas 77433

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 30, 2025

_____

Porcha Clark Tanyingu
Trustee, NIA UMOJA LEGACY EXPRESS TRUST d/b/a AXORA SOLUTIONS

11

Table of Contents-Exhibits

Exhibit A- February 28, 2019 Notice of Acceleration
Exhibit B- Nia Umoja Legacy Express Trust Warranty Deed
Exhibit C- June 6, 2025 Notice of Acceleration and Pending Foreclosure Sale
Exhibit D- FDCPA Dispute Letter to Defendants
Exhibit E- Defendants Acknowledgement of FDCPA dispute letter
Exhibit F- Credit Report
Exhibit G- Credit Removal
Exhibit H- Defendant's Removal to Federal Court

EXHIBIT A
February 28, 2019 Notice of Acceleration



| PHILLIP A. NORMAN, ESQ. | GARY MARINOSCI, ESQ. | CHRISTOPHER BAXTER, ESQ. |
| Admitted in IN | Admitted in RI & MA | Admitted in AP & TX |
| CHAD MORRONE, ESQ. | ERIC FELDMAN, ESQ. | JOSEPH DOLBEN, ESQ. |
| Admitted in MA | Admitted in IL | Admitted in NH, MA, & RI |
| GREGG DREIBINGER, ESQ. | ROBERT COLEMAN, ESQ. | EILEEN O'SHAUGHNESSY, ESQ. |
| Admitted in TX | Admitted in AR & TN | Admitted in CT & RI |
| | TYNEIA G. MERRITT, ESQ. | |
| | Admitted in CA & DC | |

February 28, 2019

Derek H Deyon, Esq.
P.O. Box 8145
Houston, TX 77288

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

**CMRRR# 9414711899560013745594**

RE: Our File Number:    18-15662
      Loan No.:        XXXXXX8982
      Property Address:   17202 WILLIAMS BEND CIR
                    CYPRESS, TX 77433

Notice of Acceleration of Maturity and
Notice of Non-Judicial Foreclosure Sale

Dear Derek H Deyon, Esq.

You have previously been advised by letter of certain defaults under the Note and Deed of Trust and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of your defaults in complying with the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present legal holder of the Note **HAS ACCELERATED THE MATURITY DATE OF THE Note**. As a result of such acceleration, the entire unpaid principal balance of the Note, all accrued interest, and all other sums lawfully owing on the Note or under the Deed of Trust are now due and payable and demand is hereby made for the immediate payment in full of all such sums.

YOU WILL THEREFORE TAKE NOTICE that, pursuant to §51.002 of the Texas Property Code, a Notice of Non-Judicial Foreclosure Sale ("Notice") will be posted at the courthouse door of Harris County, Texas. A copy of the Notice is enclosed herein.

14643 Dallas Parkway, Suite 750, Dallas, TX 75254
275 West Natick Road, Suite 500, Warwick, RI 02886

Phone: (972) 231-2309 Facsimile (972) 333-5240
Phone: (601) 252-9200 Facsimile (401) 360-2560

14

You are further notified that, in accordance with the terms of the Note and Deed of Trust, and subject to the provision, if any, in the Note and Deed of Trust regarding your opportunity to reinstate, if full payment of the outstanding principal balance of the Note, together with all interest accrued thereon, and all other lawful charges and attorney's fees incurred to date are not received by LAKEVIEW LOAN SERVICING, LLC, 475 Crosspoint Parkway, Getzville, NY 14068, c/o LOANCARE, the liens created under the Deed of Trust will be foreclosed on **TUESDAY, APRIL 2, 2019**, as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Deed of Trust. The exact amount necessary for you to pay in order to cure the existing defaults and prevent this foreclosure sale may be determined by contacting our office.

In the event you are presently on active duty in the Armed Services of the United States or have been discharged within nine (9) months prior to the date of this letter, please submit evidence of such service by way of a letter from your Commanding Officer or a copy of your DD214 to this office immediately, inasmuch as you may have certain rights available to you pursuant to the Soldiers and Sailors Civil Relief Act.

In the event the Subject Property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note, accrued but unpaid interest thereon, escrow charges, late charges, default interest, trustee's fees, attorneys' fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

Please be advised that if any obligor has been discharged in a case filed under the provisions of Title 11, United States Code, Section 101, et seq., then no personal obligation will result from this foreclosure action against any such individual. This foreclosure action shall be directed only against the real property to satisfy the lien secured by the Deed of Trust.

Sincerely yours,

Christopher K. Baxter
Marinosci Law Group, P.C.
cc: LoanCare

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

14643 Dallas Parkway, Suite 750, Dallas, TX 75254          Phone: (972) 331-2300 Facsimile (972) 331-5240
275 West Natick Road, Suite 500, Warwick, RI 02886          Phone: (401) 234-9200 Facsimile (401) 396-9204

Our File Number: 18-15662
Name: PORCHA J CLARK, SINGLE WOMAN

## NOTICE OF TRUSTEE'S SALE

WHEREAS, on August 15, 2016, PORCHA J CLARK, SINGLE WOMAN, executed a Deed of Trust/Security Instrument conveying to SCOTT R. VALBY, as Trustee, the Real Estate hereinafter described, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR MORTGAGE RESEARCH CENTER, LLC DBA VETERANS UNITED HOME LOANS, its successors and assigns, in the payment of a debt therein described, said Deed of Trust/Security Instrument being recorded under County Clerk Number RP-2016-368932, in the DEED OF TRUST OR REAL PROPERTY records of **HARRIS COUNTY, TEXAS**; and

WHEREAS, default has occurred in the payment of said indebtedness, and the same is now wholly due, and the owner and holder has requested to sell said property to satisfy said indebtedness;

WHEREAS, the undersigned has been appointed Substitute Trustee in the place of said original Trustee, upon the contingency and in the manner authorized by said Deed of Trust/Security Instrument; and

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on **TUESDAY, APRIL 2, 2019,** between ten o'clock AM and four o'clock PM and beginning not earlier than 10:00 AM or not later than three hours thereafter, I will sell said Real Estate at the Bayou City Event Center 9401 Knight Road, Houston TX 77045, in **HARRIS COUNTY, TEXAS** to the highest bidder for cash. The sale will be conducted in the area of the Courthouse designated by the Commissioners' Court, of said county, pursuant to Section §51.002 of the Texas Property Code as amended; if no area is designated by the Commissioners' Court, the sale will be conducted in the area immediately adjacent (next) to the location where this notice was posted.

Said Real Estate is described as follows:

LOT SIXTY-ONE (61), IN BLOCK ONE (1), OF FIRST BEND, SECTION FIVE (5), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN/UNDER FLLM CODE NO. 607130 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Property Address:    17202 WILLIAMS BEND CIR
                     CYPRESS, TX 77433

Mortgage Servicer:  LOANCARE, LLC
Noteholder:         LAKEVIEW LOAN SERVICING LLC
                    3637 SENTARA WAY, SUITE 303
                    VIRGINIA BEACH, VA 23452

The Mortgage Servicer is authorized to represent the Noteholder by virtue of a servicing agreement with the Noteholder. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

### ACTIVE MILITARY SERVICE NOTICE

**Assert and protect your rights as a member of the armed forces of the United States. If you or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

WITNESS MY HAND this _____ day of February, 2019.

Roy Crush, Jeff Leva, Sandy Dasigems, Patricia Poston, Megan L. Randle, David Poston, Ebbie Murphy, Substitute Trustees

c/o Marinosci Law Group, P.C.
14643 Dallas Parkway, Suite 750
Dallas, Texas 75254
(972) 331-2300

16

EXHIBIT B
Nia Umoja Legacy Express Trust
Warranty Deed

3
WD
G

RP-2024-440432
11/25/2024  RP1  $33.00

# WARRANTY DEED WITH VENDOR'S LIEN

CLARK
Loan Number:400216100576352
MIN:100350291005763528
Case Number: 62-62-6-1285611

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

THE STATE OF TEXAS                )(

                                  )(   KNOW ALL MEN BY THESE PRESENT

COUNTY OF **HARRIS**               )(

THAT **PORCHA J. CLARK, A SINGLE WOMAN**, hereinafter called 'Grantor', for and in consideration of the sum of TEN Dollars ($10.00) and other good and valuable consideration to Grantor paid by **AXORA SOLUTIONS** hereinafter called 'Grantee' (whether one or more), the receipt of which is hereby acknowledged and confessed, and for the further consideration of the execution and delivery by said Grantee of one certain promissory note(s) hereinafter called 'Note,' in the principal sum of **$305,939.00**, of even date herewith, payable to the order of **NIA UMOJA LEGACY EXPRESS TRUST, A FOREIGN IRREVOCABE EXPRESS TRUST** hereinafter called 'Mortgagee,' bearing interest at the rate therein provided; said Note containing the usual reasonable attorney's fee clause and various acceleration of maturity clauses in case of default, and being secured by Vendor's Lien and superior title retained herein in favor of said Mortgagee, and being also secured by a Deed of Trust of even date from Grantee to **PORCHA TANYINGU**, Trustee, and

WHEREAS, Mortgagee has, at the special instance and request of Grantee, paid to Grantor a portion of the purchase price of the property hereinafter described, as included in the above-described Note, said Vendor's Lien is against said property securing the payment of said Note is hereby assigned, transferred, and delivered to Mortgagee, Grantor hereby conveying to said Mortgagee the said superior title to said property...

Grantor has GRANTED, SOLD, and CONVEYED, and by these presents does GRANT, SELL, and CONVEY unto said Grantee, the following described property, to-wit:

18

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT 'A'.**

TO HAVE AND TO HOLD the above-described premises, together with all and singular, the rights and appurtenances thereunto in anywise belonging unto said Grantee, his heirs and assigns, forever. And Grantor does hereby bind himself, his heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto said Grantee, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Taxes for the current year have been prorated and their payment is assumed by Grantee.

This conveyance is made subject to any and all valid and subsisting restrictions, easements, rights of way, reservations, maintenance charges together with any lien securing said maintenance charges, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the above-described property as shown by the records of the County Clerk of said County.

The use of any pronoun herein to refer to Grantor or Grantee shall be deemed a proper reference even though Grantor and/or Grantee may be an individual (either male or female), a corporation, a partnership or a group of two or more individuals, corporations and/or partnerships, and when this Deed is executed by or to a corporation, or trustee, the words "heirs, executors, and administrators" or "heirs and assigns" shall, with respect to such corporation or trustee, be construed to mean "successors and assigns".

It is expressly agreed that the Vendor's Lien is retained in favor of the payee of said Note against the above-described property, premises, and improvements, until said Note and all interest thereon shall have been fully paid according to the terms thereof, when this deed shall become absolute.

EXECUTED this 22nd day of NOVEMBER, 2024.

PORCHA J CLARK

This instrument was acknowledged before me on this ___22nd___ day of __November__, 20 24 by .

NOTARY PUBLIC

TONI R. WALKER
Notary Public, State of Texas
Comm. Expires 09-16-2025
Notary ID 131032345

GRANTEE'S ADDRESS:(get a mail box for the trust

Porchas

16635 Spring Cypress Rd
# 51
Cypress Tx 77429

2

19

**EXHIBIT 'A'**

Lot Sixty-One (61), in Block One (1), of FIRST BEND, SECTION FIVE (5), an addition in Harris County, Texas, according to the map or plat thereof recorded in/under Film Code No. 607130 of the Map Records of Harris County, Texas.

Ret to: Porcha Tanyinga
17202 Williams Bend cir
Cypress TX 77433

RP-2024-440432

UNOFFICIAL COPY

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

3

20

FILED FOR RECORD

1:58:15 PM

Monday, November 25, 2024

*Lenisha Hudspeth*

COUNTY CLERK, HARRIS COUNTY, TEXAS

RP-2024-440432

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS
    I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County Texas

Monday, November 25, 2024

*Lenisha Hudspeth*

COUNTY CLERK
HARRIS COUNTY, TEXAS

EXHIBIT C

C-1 (page 23-27): Notice of Acceleration sent June 6, 2025 (as presented by prior counsel)
C-2 (page 28-32):Certified Mail Envelope / Letter addressed to Porcha Clark  (=non-existent
person)

P.O. Box 23159
San Diego, CA 92193-3159

ELECTRONIC RETURN RECEIPT
REQUESTED



71 96900 2484 0959 8660 3

**Mailed On:** 06/06/2025          **Order Number:**      0073953-01     ER
**ClientID:**    Marinosc000442          **Reference Number:** 18-15662

Derek H. Deyon, Esq.
440 Louisiana Street, Suite 900
Houston, TX 77002



16413 Addison Road, Suite 725, Addison, TX 75001                          Phone: (972) 331-2300 Fax: (972) 331-5240



Gary Marinosci is ONLY licensed to practice law in Massachusetts & Rhode Island

June 6, 2025

RE: Our File Number:     18-15662
    Loan No.:               XXXXXX8982
    Property Address:       17202 WILLIAMS BEND CIR
                            CYPRESS, TX 77433

Notice of Acceleration of Maturity and
Notice of Non-Judicial Foreclosure Sale

Dear PORCHA J CLARK,

You have previously been advised by letter of certain defaults under the Note and Security Instrument and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of your defaults in complying with the terms and provisions of the Note and Security Instrument, notice is hereby given that the present legal holder of the Note **HAS ACCELERATED THE MATURITY DATE OF THE NOTE.** As a result of such acceleration, the entire unpaid principal balance of the Note, all accrued interest, and all other sums lawfully owing on the Note or under the Security Instrument are now due and payable and demand is hereby made for the immediate payment in full of all such sums.

YOU WILL THEREFORE TAKE NOTICE that, pursuant to §51.002 of the Texas Property Code, a Notice of Non-Judicial Foreclosure Sale ("Notice") will be posted at the courthouse door of Harris County, Texas. A copy of the Notice is enclosed herein.

You are further notified that, in accordance with the terms of the Note and Security Instrument, and subject to the provision, if any, in the Note and Security Instrument regarding your opportunity to reinstate, if full payment of the outstanding principal balance of the Note, together with all interest accrued thereon, and all other lawful charges and attorney's fees incurred to date are not received by LAKEVIEW LOAN SERVICING, LLC, 4425 Ponce de Leon Blvd., MS 5-251, Coral Gables, FL 33146, c/o LOANCARE, the liens created under the Security Instrument will be foreclosed on **TUESDAY, JULY 1, 2025,** as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Security Instrument. The exact amount necessary for you to pay in order to cure the existing defaults and prevent this foreclosure sale may be determined by contacting our office.

In the event you are presently on active duty in the Armed Services of the United States or have been discharged within nine (9) months prior to the date of this letter, please submit evidence of such service by way of a letter from your Commanding Officer or a copy of your DD214 to this office immediately.

AR | CT | DE | FL | GA | IL | IN | KS | MA | MO | MS | NH | OK | RI | TN | TX | WI

inasmuch as you may have certain rights available to you pursuant to the Soldiers and Sailors Civil Relief Act.

In the event the Subject Property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note, accrued but unpaid interest thereon, escrow charges, late charges, default interest, trustee's fees, attorneys' fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

Please be advised that if any obligor has been discharged in a case filed under the provisions of Title 11, United States Code, Section 101, et seq., then no personal obligation will result from this foreclosure action against any such individual. This foreclosure action shall be directed only against the real property to satisfy the lien secured by the Security Instrument.

Sincerely yours,

Christopher K. Baxter
Marinosci Law Group, P.C.
cc:  LoanCare

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Our Case No. 18-15662-FC-4

## APPOINTMENT OF SUBSTITUTE TRUSTEE
## and NOTICE OF TRUSTEE SALE

THE STATE OF TEXAS
COUNTY OF HARRIS

**Deed of Trust Date:**
August 15, 2016

**Property address:**
17202 WILLIAMS BEND CIR
CYPRESS, TX 77433

**Grantor(s)/Mortgagor(s):**
PORCHA J CLARK, SINGLE WOMAN

**LEGAL DESCRIPTION:** Lot Sixty-One (61), In Block One (1), of FIRST BEND, SECTION FIVE (5), an addition In Harris County, Texas, according to the map or plat thereof recorded in/under Film Code No. 607130 of the Map Records of Harris County, Texas.

**Original Mortgagee:**
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR MORTGAGE RESEARCH CENTER, LLC DBA VETERANS UNITED HOME LOANS, ITS SUCCESSORS AND ASSIGNS

**Earliest Time Sale Will Begin:** 10:00 AM

**Current Mortgagee:**
LAKEVIEW LOAN SERVICING, LLC

**Date of Sale:** JULY 1, 2025

**Property County:** HARRIS

**Original Trustee:** SCOTT R. VALBY

**Recorded on:** August 18, 2016
**As Clerk's File No.:** RP-2016-368932
**Mortgage Servicer:**
LAKEVIEW LOAN SERVICING, LLC

**Substitute Trustee:**
Carl Meyers, Leb Kemp, Traci Yearnan, Israel Curtis, John Sisk, Clay Golden, Stephen Mayers, Colette Mayers, Wayne Wheat, Dana Dennen, Kinney Lester, Thomas Lester, Joshua Sanders, Wesley Fowler-Williams, Ramiro Cuevas, Matthew Hansen, Evan Press, Auction.com, Anna Sewart, David Barry, Byron Sewart, Patricia Poston, Austin DuBois, Sandy Dasigenis, Jeff Leva, John Burger, Martin Beltran, Roy Crush, Erica Kallaher, Jean Crush, Marinosci Law Group PC

**Substitute Trustee Address:**
c/o Marinosci Law Group, P.C.
16415 Addison Road, Suite 725
Addison, TX 75001
(972) 331-2300

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

The current Mortgagee and/or Mortgage Servicer under said Deed of Trust, according to the provisions therein set out does hereby remove the original trustee and all successor substitute trustees and appoints in their stead Carl Meyers, Leb Kemp, Traci Yearnan, Israel Curtis, John Sisk, Clay Golden, Stephen Mayers, Colette Mayers, Wayne Wheat, Dana Dennen, Kinney Lester,

26

Thomas Lester, Joshua Sanders, Wesley Fowler-Williams, Ramiro Cuevas, Matthew Hansen, Evan Press, Auction.com, Anna Sewart, David Barry, Byron Sewart, Patricia Poston, Austin DuBois, Sandy Danigenis, Jeff Leva, John Burger, Martin Belton, Roy Crush, Erica Kellaher, Jean Crush, Marinosci Law Group PC, as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust, and, further, does hereby request, authorize and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the Mortgagee therein.

WHEREAS, default has occurred in the payment of said indebtedness, and the same is now wholly due and the owner and holder has requested to sell said property to satisfy said indebtedness

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on **TUESDAY, JULY 1, 2025** between ten o'clock AM and four o'clock PM and beginning not earlier than **10:00 AM** or not later than three hours thereafter. The Substitute Trustee will sell the property by public auction to the highest bidder for cash at the place and date specified. The sale will be conducted at the Bayou City Event Center 9401 Knight Road, Houston TX 77045 as designated by the Commissioners' Court, of said county pursuant to Section 51.002 of the Texas Property Code as amended; if no area is designated by the Commissioners' Court, the sale will be conducted in the area immediately adjacent (next) to the location where this notice was posted.

LAKEVIEW LOAN SERVICING, LLC, who is the Mortgagee and/or Mortgage Servicer of the Note and Deed of Trust associated with the above referenced loan. The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property code 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the debt.

### ACTIVE MILITARY SERVICE NOTICE
**Assert and protect your rights as a member of the armed forces of the United States. If you or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

WITNESS MY HAND, 6|4|25

MARINOSCI LAW GROUP, P.C.

By: _____
SAMMY HOODA
MANAGING ATTORNEY

THE STATE OF TEXAS
COUNTY OF DALLAS

Before me, ADAM MURPHY , the undersigned officer, on this, the 4 day of JUNE 2025, personally appeared SAMMY HOODA, o known to me, who identified herself/himself to be the MANAGING ATTORNEY of MARINOSCI LAW GROUP PC, the person and officer whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he had executed the foregoing instrument as the act of such corporation for the purpose and consideration described and in the capacity stated.

Witness my hand and official seal

(SEAL)

ADAM MURPHY
Notary ID #124481378
My Commission Expires
October 19, 2028

Notary Public for the State of TEXAS

My Commission Expires: 10-19-28

ADAM MURPHY
Printed Name and Notary Public

Grantor:   LAKEVIEW LOAN SERVICING, LLC
3637 SENTARA WAY
SUITE 303
VIRGINIA BEACH, VA 23452
Our File No. 18-15662

Return to:   MARINOSCI LAW GROUP, P.C.
MARINOSCI & BAXTER
16415 Addison Road, Suite 725
Addison, TX 75001



P.O. Box 23159
San Diego, CA 92193-3159

ELECTRONIC RETURN RECEIPT
REQUESTED

71 96900 2484 0959 8658 0

**Mailed On:** 06/06/2025          **Order Number:**    0073953-01   ER
**ClientID:**    Marinosc000442    **Reference Number:** 18-15662

PORCHA J CLARK
17202 WILLIAMS BEND CIR
CYPRESS, TX 77433

16415 Addison Road, Suite 725, Addison, TX 75001                                Phone: (972) 331-2300 Fax (972) 331-5246



**Marinosci**
**LAW GROUP**
SERVING THE DEFAULT INDUSTRY

Gary Marinosci is ONLY licensed to practice law in Massachusetts & Rhode Island

June 6, 2025

RE: Our File Number:     18-15662
    Loan No.:             XXXXXX8982
    Property Address:     17202 WILLIAMS BEND CIR
                          CYPRESS, TX 77433

### Notice of Acceleration of Maturity and
### Notice of Non-Judicial Foreclosure Sale

Dear PORCHA J CLARK,

You have previously been advised by letter of certain defaults under the Note and Security Instrument and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of your defaults in complying with the terms and provisions of the Note and Security Instrument, notice is hereby given that the present legal holder of the Note **HAS ACCELERATED THE MATURITY DATE OF THE NOTE.** As a result of such acceleration, the entire unpaid principal balance of the Note, all accrued interest, and all other sums lawfully owing on the Note or under the Security Instrument are now due and payable and demand is hereby made for the immediate payment in full of all such sums.

YOU WILL THEREFORE TAKE NOTICE that, pursuant to §51.002 of the Texas Property Code, a Notice of Non-Judicial Foreclosure Sale ("Notice") will be posted at the courthouse door of Harris County, Texas. A copy of the Notice is enclosed herein.

You are further notified that, in accordance with the terms of the Note and Security Instrument, and subject to the provision, if any, in the Note and Security Instrument regarding your opportunity to reinstate, if full payment of the outstanding principal balance of the Note, together with all interest accrued thereon, and all other lawful charges and attorney's fees incurred to date are not received by LAKEVIEW LOAN SERVICING, LLC, 4425 Ponce de Leon Blvd., MS 5-251, Coral Gables, FL 33146, c/o LOANCARE, the liens created under the Security Instrument will be foreclosed on **TUESDAY, JULY 1, 2025,** as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Security Instrument. The exact amount necessary for you to pay in order to cure the existing defaults and prevent this foreclosure sale may be determined by contacting our office.

In the event you are presently on active duty in the Armed Services of the United States or have been discharged within nine (9) months prior to the date of this letter, please submit evidence of such service by way of a letter from your Commanding Officer or a copy of your DD214 to this office immediately.
AR | CT | DE | FL | GA | IL | IN | KS | MA | MO | MS | NH | OK | RI | TN | TX | WI



inasmuch as you may have certain rights available to you pursuant to the Soldiers and Sailors Civil Relief Act.

In the event the Subject Property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note, accrued but unpaid interest thereon, escrow charges, late charges, default interest, trustee's fees, attorneys' fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

Please be advised that if any obligor has been discharged in a case filed under the provisions of Title 11, United States Code, Section 101, et seq., then no personal obligation will result from this foreclosure action against any such individual. This foreclosure action shall be directed only against the real property to satisfy the lien secured by the Security Instrument.

Sincerely yours,

Christopher K. Baxter
Marinosci Law Group, P.C.
cc: LoanCare

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

AR | CT | DE | FL | GA | IL | IN | KS | MA | MO | MS | NH | OK | RI | TN | TX | WI



TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS     FRCL-2025-4241     FILED 6/5/2025 4:26:07 PM

Our Case No. 18-15662-FC-4

# APPOINTMENT OF SUBSTITUTE TRUSTEE
## and NOTICE OF TRUSTEE SALE

THE STATE OF TEXAS
COUNTY OF HARRIS

**Deed of Trust Date:**
August 15, 2016

**Property address:**
17202 WILLIAMS BEND CIR
CYPRESS, TX 77433

**Grantor(s)/Mortgagor(s):**
PORCHA J CLARK, SINGLE WOMAN

**LEGAL DESCRIPTION:** Lot Sixty-One (61), In Block One (1), of FIRST BEND, SECTION FIVE (5), an addition In Harris County, Texas, according to the map or plat thereof recorded in/under Film Code No. 667130 of the Map Records of Harris County, Texas.

**Original Mortgagee:**
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR MORTGAGE RESEARCH CENTER, LLC DBA VETERANS UNITED HOME LOANS, ITS SUCCESSORS AND ASSIGNS

**Earliest Time Sale Will Begin:** 10:00 AM

**Current Mortgagee:**
LAKEVIEW LOAN SERVICING, LLC

**Date of Sale:** JULY 1, 2025

**Property County:** HARRIS

**Original Trustee:** SCOTT R. VALBY

**Recorded on:** August 18, 2016
**As Clerk's File No.:** RP-2016-368932
**Mortgage Servicer:**
LAKEVIEW LOAN SERVICING, LLC

**Substitute Trustee:**
Carl Meyers, Leb Kemp, Traci Yeaman, Israel Curtis, John Sisk, Clay Golden, Stephen Meyers, Colette Meyers, Wayne Wheat, Dana Densen, Kinney Lester, Thomas Lester, Joshua Sanders, Wesley Fowler-Williams, Ramiro Cuevas, Matthew Hansen, Evan Press, Auction.com, Anna Sewart, David Barry, Byron Sewart, Patricia Poston, Austin DuBois, Sandy Dasigenis, Jeff Leva, John Burgee, Martin Belman, Rey Onub, Erica Kalaher, Jesse Onub, Marinosci Law Group PC

**Substitute Trustee Address:**
c/o Marinosci Law Group, P.C.
16415 Addition Road, Suite 725
Addison, TX 75001
(972) 331-2300

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

The current Mortgagee and/or Mortgage Servicer under said Deed of Trust, according to the provisions therein set out does hereby remove the original trustee and all successor substitute trustees and appoints in their stead Carl Meyers, Leb Kemp, Traci Yeaman, Israel Curtis, John Sisk, Clay Golden, Stephen Meyers, Colette Meyers, Wayne Wheat, Dana Densen, Kinney Lester,

Thomas Lester, Joshua Sanders, Wesley Fowler-Williams, Ramiro Cuevas, Matthew Hansen, Evan Press, Auction.com, Anna Sewart, David Barry, Byron Sewart, Patricia Poston, Austin DuBois, Sandy Dasgonia, Jeff Leva, John Burger, Martin Beltran, Ray Crush, Erica Kelleher, Juan Crush, Marinosci Law Group P.C. as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust, and, further, does hereby request, authorize and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the Mortgagee therein.

WHEREAS, default has occurred in the payment of said indebtedness, and the same is now wholly due and the owner and holder has requested to sell said property to satisfy said indebtedness

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on TUESDAY, JULY 1, 2025 between ten o'clock AM and four o'clock PM and beginning not earlier than 10:00 AM or not later than three hours thereafter. The Substitute Trustee will sell the property by public auction to the highest bidder for cash at the place and date specified. The sale will be conducted at the Bayou City Event Center 9401 Knight Road, Houston TX 77045 as designated by the Commissioners' Court, of said county pursuant to Section 51.002 of the Texas Property Code as amended; if no area is designated by the Commissioners' Court, the sale will be conducted in the area immediately adjacent (next) to the location where this notice was posted.

LAKEVIEW LOAN SERVICING, LLC, who is the Mortgagee and/or Mortgage Servicer of the Note and Deed of Trust associated with the above referenced loan. The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property code 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the debt.

## ACTIVE MILITARY SERVICE NOTICE

**Assert and protect your rights as a member of the armed forces of the United States. If you or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

WITNESS MY HAND.  6|4|25

MARINOSCI LAW GROUP, P.C.

By: _____
SAMMY HOODA
MANAGING ATTORNEY

THE STATE OF TEXAS
COUNTY OF DALLAS

Before me, ADAM MURPHY the undersigned officer, on this, the 4 day of JUNE 2025, personally appeared SAMMY HOODA, c known to me, who identified herself/himself to be the MANAGING ATTORNEY of MARINOSCI LAW GROUP PC, the person and officer whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he had executed the foregoing instrument as the act of such corporation for the purpose and consideration described and in the capacity stated.

Witness my hand and official seal

(SEAL)

[seal: ADAM MURPHY Notary ID #124481378 My Commission Expires October 19, 2028]

Notary Public in the State of TEXAS
My Commission Expires: 10-19-28
Adam Murphy
Printed Name and Notary Public

Grantor:  LAKEVIEW LOAN SERVICING, LLC
3637 SENTARA WAY
SUITE 303
VIRGINIA BEACH, VA 23452
Our File No. 18-15662

Return to:  MARINOSCI LAW GROUP, P.C.
MARINOSCI & BAXTER
16415 Addison Road, Suite 725
Addison, TX 75001

TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

FRCL-2025-4241

FILED 6/5/2025 4:26:07 PM

EXHIBIT D
FDCPA Dispute Letter to Defendants

# THE DEYON LAW GROUP, P.L.L.C.

ATTORNEYS AT LAW
440 LOUISIANA STREET, SUITE 900
HOUSTON, TEXAS 77002
ddeyon@deyonlawgroup.com

---

Derek H. Deyon
Attorney

(346) 229 – 0106 Office
(346) 202 – 0230 Fax
(346) 317 – 8902 Direct

August 30, 2023

**Regular U.S. Mail**
*Via* Facsimile to 972 – 331 – 5240
Lakeview Loan Servicing
Loan Care – A ServiceLink Company
c/o Marinosci Law Group, P.C. d/b/a Marinosci & Baxter
Attn: Sammy Hooda
14643 Dallas Parkway, Suite 750
Dallas, Texas 75254

RE:  Alleged Debt Dispute Letter
Your File No. 18 – 15662
Loan No.: XXXXXX8982
Property Address: 17202 Williams Bend Circle, Cypress, Texas 77433 – 4550
Client:  Porcha J. Clark
Mortgagee:  Mortgage Research Center LLC, d/b/a Veterans United Home Loans
Mortgage Servicer: Lakeview Loan Servicing/ Loan Care – A ServiceLink Company
Trustee: Scott R. Valby
Alleged Substitute Trustee: Sammy Hooda

I am receipt of your Notice of Acceleration of Maturity and Notice of Non – Judicial Foreclosure Sale.  Exhibit A.  This letter dated August 30, 2023 is to notify you, your firm and the mortgage company claiming ownership of this alleged loan and note, that my client, Porcha J. Clark, is exercising her rights under the "Fair Debt Collections Practices Act" as codified at 15 USC § 1692, which stipulates that a debt collector must, if requested, provide validation of the alleged debt, i.e. validate the debt, per "The Fair Debt Collections Practices Act", "FDCPA". This is also a dispute of the alleged debt under the Texas Debt Collection Act.  The debt collector (Foreclosure Attorney, Bank, Alleged Lender) is mandated under "FDCPA" to cease and desist ALL collection activity until validation of the original note is provided.  This is also a dispute of the alleged debt under the Texas Debt Collection Practices Act.

This letter requests VALIDATION of the alleged debt accompanied by an Affidavit from the Alleged Lender.

Please provide the following:

1.    Copy of the original alleged note accompanied by an AFFIDAVIT from the alleged Lender.

2.    Identify to what the alleged debt pertains.

3.    Provide details how the alleged debt was calculated.

4.    Provide Regulation Z, and Notice of Right to Cancel (Truth in Lending Act).

5.    Provide copies of any papers that show that my client, Porcha J. Clark, agreed to pay the alleged debt.

6.    Identify the original creditor.

7.    Provide the agreement between the creditor and your firm, which authorizes you to collect funds (without a contract, your firm has no right to foreclose).

8.    Provide evidence that the Statute of Limitations has not expired on this account.

9.    Provide evidence that you are licensed to collect in my state.

10.    Provide your license numbers and the Alleged Lender's Registered Agent.

Please provide the above information before any scheduled foreclosure sale in Harris County, Texas to:

Porcha J. Clark
c/o The Deyon Law Group, PLLC
Attn:  Derek H. Deyon, Esq.
440 Louisiana Street, Suite 900
Houston, Texas 77002

Best Regards,

/s/ *Derek H. Deyon*

Derek H. Deyon
*Attorney at Law*

Cc:    Client [*via* Direct Email]

EXHIBIT E
Defendants' Acknowledgement of FDCP Dispute Letter



## Marinosci
## LAW GROUP
SERVING THE DEFAULT INDUSTRY

---

**Texas Office: 16415 Addison Road, Suite 725, Addison, TX 75001**

---

September 14, 2023

Derek H. Deyon                                    via e-Mail: ddeyon@deyonlawgroup.com
The Deyon Law Group, PLLC
440 Louisiana Street, Suite 900
Houston, TX 77002

> YOUR CLIENT (BORROWER):    PORCHA CLARK
> LOAN #:                    ******8982
> PROPERTY ADDRESS:          17202 WILLIAMS BEND CIRCLE
>                            CYPRESS, TX 77433
> NOTEHOLDER:                LAKEVIEW LOAN SERVICING, LLC
> MORTGAGE LOAN SERVICER:    LOANCARE, LLC

Dear Derek H. Deyon:

The purpose of this correspondence is to acknowledge your letter dated August 30, 2023 titled, "Alleged Debt Dispute Letter."

We are in the process of conducting a thorough review. Please allow thirty (30) business days from the date of this letter to respond with resolution to your request or an update on its status.

Sincerely,

Arnetta J. Porter
Attorney
Marinosci Law Group, P.C.

37

EXHIBIT F
CREDIT REPORT

TRANSUNION



| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | | | | | | | | | | | $143,885 | $147,148 |
| 2023 | $150,411 | $153,674 | $156,938 | $160,201 | $163,464 | $166,727 | $170,422 | $174,116 | $177,811 | $181,506 | $185,201 | $188,627 |
| 2024 | $195,479 | | | | | | | | | | | |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | |
| 2022 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 |
| 2021 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 |
| 2020 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 |
| 2019 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | | | |
| 2018 | | | 30 | 30 | | 30 | | | 60 | 30 | 90 | 180 |
| 2017 | | | | | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ✔ Paid on Time | | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due |
| 150 150 Days Past Due | | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account |
| CO Charge-Off | | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| High Credit | $305,939 | Payment Responsibility | INDIVIDUAL |
|---|---|---|---|
| Credit Limit | | Account Type | MORTGAGE |
| Terms Frequency | MONTHLY | Term Duration | 30 YEARS |

**EQUIFAX**          PORCHA TANYINGU | Oct 25, 2024          Page 14 of 61



| **Terms Frequency** | MONTHLY | **Term Duration** | 30 YEARS |



| **Balance** | $471,268 | **Date Opened** | Aug 15, 2016 |
| **Amount Past Due** | $195,479 | **Date Reported** | Jan 04, 2024 |
| **Actual Payment Amount** | | **Date of Last Payment** | Sep 2018 |
| **Date of Last Activity** | | **Scheduled Payment Amount** | $2,784 |
| **Months Reviewed** | 88 | **Delinquency First Reported** | |
| **Activity Designator** | | **Creditor Classification** | UNKNOWN |
| **Deferred Payment Start Date** | | **Charge Off Amount** | |
| **Balloon Payment Date** | | **Balloon Payment Amount** | |
| **Loan Type** | Veteran's Administration Real Estate Mortgage | **Date Closed** | |
| **Date of First Delinquency** | Mar 2018 | | |

## Comments

Foreclosure process started
Real estate mortgage
180 days or more past due
Fixed rate

## Contact

LOANCARE SERVICING CENTER
3637 Sentara Way
Virginia Beach, VA  23452-4262
(757) 892-1700

40



EXHIBIT G
MORTGAGE ACCOUNT CREDIT REMOVAL



EXHIBIT H
DEFENDANT'S REMOVAL TO FEDERAL COURT

3/17/2025 11:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 98522711
By: Deandra Mosley
Filed: 3/17/2025 11:22 AM

### CAUSE NO. 202514219

| | | |
|---|---|---|
| PORCHA CLARK TANYINGU, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 189th JUDICIAL DISTRICT |
| | § | |
| LAKEVIEW LOAN SERVICING, | § | |
| LLC AND LOANCARE, LLC AND | § | |
| CODILIS & MOODY, P.C., | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that on March 17, 2025, Defendants Lakeview Loan Servicing LLC ("Lakeview") and LoanCare LLC ("LoanCare," together "Defendants") filed in the United States District Court for the Southern District of Texas, Houston Division, a Notice of Removal of this matter, attached hereto as **Exhibit A**.

Respectfully submitted,

By: _/s/ Kathryn B. Davis_

**Kathryn B. Davis**
State Bar No. 24050364
kdavis@mcglinchey.com
McGlinchey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEYS FOR DEFENDANTS**