Case 4:25-cv-03021   Document 6   Filed on 06/30/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PORCHA CLARK TANYINGU, as Trustee of the NIA UMOJA LEGACY EXPRESS TRUST d/b/a AXORA SOLUTIONS,<br><br>*Plaintiff,*<br>v.<br><br>LAKEVIEW LOAN SERVICING, LLC and LOANCARE, LLC,<br><br>*Defendants.* | CIVIL ACTION NO. 4:25-cv-3021 |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiff Porcha Clark Tanyingu's ("Plaintiff") Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 5). After considering the Motion and the applicable law, the Court GRANTS in part Plaintiff's Motion. (Doc. No. 5).

### I.     Background

This is a dispute involving real property located at 17202 Williams Bend Circle, Cypress, Texas 77433 (the "Property"). (Doc. No. 1 at 2). In 2016, Plaintiff, in her individual capacity, executed a promissory note in the amount of $305,939.00 and a Deed of Trust (the "Loan") with Mortgage Research Center, LLC. (*Id.*).[1] Subsequently, Mortgage Research Center, LLC transferred the loan to Defendant Lakeview Loan Servicing, LLC ("Lakeview"). Lakeview became the holder

---

[1] Plaintiff brought this suit "*pro se*," not in her individual capacity but as the Trustee of the Nia Umoja Legacy Express Trust. (Doc. No. 1). In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Although individuals have the right to represent themselves or proceed pro se under this statute, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). This applies to trusts as well. *United States v. Trowbridge*, 251 F.3d 157, 157 (5th Cir. 2001) ("[A] non-attorney is not entitled to represent a trust in federal court."). Plaintiff is required to obtain counsel for the trust prior to the hearing on the Preliminary Injunction.

and servicer of the note, whereas Defendant LoanCare, LLC ("LoanCare") acts as the sub-servicer. (*Id.* at 3).

Plaintiff alleges that on February 28, 2019, Defendants accelerated the Loan. (*Id.* at 3, 14–15). On November 25, 2024, Plaintiff conveyed the Property to the Nia Umoja Legacy Express Trust, an irrevocable trust of which she is the Trustee. (*Id.* at 4). Plaintiff contends that Defendants never abandoned the 2019 acceleration. (*Id.* at 3). Nevertheless, Defendants issued Plaintiff a Notice of Foreclosure Sale. (*Id.* at 4). The sale is set to occur tomorrow, July 1, 2025.

Plaintiff filed this Motion for Temporary Restraining Order on the eve of the foreclosure sale. In part, Plaintiff asserts that the Court should halt the foreclosure sale because Defendants violated § 16.035 of the Texas Civil Practice and Remedies Code. Based on the pleadings and the evidence, the Court agrees that a Temporary Restraining Order ("TRO") is warranted.

## II.  Legal Standard

A party seeking a TRO generally must show "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019). A TRO is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991).

## III.  Analysis

Under Texas law, a party must bring suit for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). After the four-year limitations period expires, the lien and power of sale become void

and unenforceable. *Id.* § 16.035(d). A foreclosure cause of action accrues when the lien holder exercises its option to accelerate the lien. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id.* Both notices must be "clear and unequivocal." *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991). Plaintiff acknowledges that Defendants accelerated the Loan on February 29, 2019. (Doc. No. 1 at 3).

The statute of limitation period resets if the noteholder abandons its acceleration attempt. *Holy Cross*, 44 S.W.3d at 566. If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored, and the noteholder is no longer required to foreclose on the property within four years from the date of acceleration. *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, *no pet.*). In other words, once an acceleration is abandoned, the statute of limitations on foreclosure resets. In Texas, abandonment has the following elements: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Boren v. U.S. Nat'l Bank*, 807 F.3d 99, 105 (5th Cir. 2015) (quoting *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015)). When an acceleration is abandoned by conduct inconsistent with the right to accelerate, the intent to abandon must be "unequivocally manifested." *Thompson*, 783 F.3d at 1025.

Plaintiff has pleaded, and proffered evidence supporting her contention, that Defendants did not abandon the acceleration. A lender may abandon acceleration "by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *Boren*, 807 F.3d at 105. A lender may also abandon a prior acceleration "by sending

3

the [borrowers] account statements indicating the past due balance and by giving the [borrowers] the option to cure their default by paying the past due balance." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015). When an acceleration is abandoned by conduct, the intent to abandon must be "unequivocally manifested." *Thompson*, 783 F.3d at 1025. Plaintiff contends that Defendants never sent any such notice; and, the evidence attached to the pending motion corroborate her contention. Thus, based on the pleadings and the evidence, the Court finds that Plaintiff is likely to be successful on her § 16.035 claim to void Defendants' lien on the Property.

Plaintiff's pleading has also satisfied the remaining elements to warrant this Court's granting of the requested TRO. The Court finds that Plaintiff would suffer irreparable injury if the injunction were not granted, that the injury outweighs any harm to the other party, and that granting the injunction will not disserve the public interest. *Brock Servs., L.L.C.*, 936 F.3d at 296. As such, the Court hereby

**ORDERS** that Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC, acting by and through its officers, agents, employees, or attorneys, are temporarily restrained from foreclosing upon the Property located at 17202 Williams Bend Circle, Cypress, Texas 77433. No further proceeding shall take place with respect to the aforementioned Property until such time that this Court considers and rules on Plaintiff's request for a preliminary injunction.

This Temporary Restraining Order shall remain in effect until such time that the Court holds a hearing on Plaintiff's request for a preliminary injunction. FED. R. CIV. P. 65. The hearing on Plaintiff's request for a preliminary injunction is set for **4:30 PM on July 14, 2025**.

The Court further waives the bond requirement under Federal Rule of Civil Procedure 65. *See A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015) (citing *Kaepa, Inc. v. Achilles*

*Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("[U]nder Rule 65(c), a court 'may elect to require no security at all.'")

Signed this 30th day of June, 2025.

Andrew S. Hanen
United States District Judge